## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES LINLOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 24-1001-DDC-GEB |
| JOHN HOLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants John Holman, Marcella Warner Holman, Black Diamond Angus Ranch Partnership, Black Diamond Angus Ranch LLC, Warner Angus Ranch Morgans, Aaron Kite, and Ansel Kay Barngrover's Motion for Extension of Time to Answer ("Motion") (**ECF No. 7**). This Motion is combined with a Motion to Consolidate the Case, but the motions will be decided separately.

Plaintiff filed his response to the Motion on February 6, 2024 (**ECF No. 18**). The Court ordered a reply was not necessary (**ECF No. 17**). Thus, this matter is fully briefed, and the Court is now prepared to rule.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion. The Court denies Defendants' request to file their answers after the Court reaches a decision on the Motion to Consolidate the Case, instead Defendants must file their answers, or other responsive pleadings, to Plaintiff's Complaint by **March 1, 2024**.

## I.      Procedural Posture

Plaintiff filed his Complaint on January 2, 2024.[1] Answers were due for all Defendants, except Aaron Kite, on January 26, 2024.[2] Aaron Kite's answer was due on January 29, 2024.[3] On January 23, 2024, all Defendants filed a Motion requesting an extension of their answer deadlines until after the Court reaches a decision on a separate request to consolidate this case with another pending case.[4] Despite the pending Motion, Plaintiff, by January 30,  moved for default judgment against all Defendants for failure to answer.[5] In his motions requesting default judgment, Plaintiff stated his intention to file an opposition to Defendants' Motion requesting an extension of time to answer.[6] Therefore, to expedite the issue and move the case forward, the Court set a February 6 response deadline, and also ordered no reply was necessary.[7] Plaintiff filed his response on February 6.[8]

## II.     Plaintiff's Position

In opposing Defendants' request for an extension of time to file answers, Plaintiff makes three main arguments.  First, Plaintiff contends the Motion must be denied for failure to comply with the Federal Rules of Civil Procedure and District of Kansas Local Rules regarding extending answer deadlines.  Next, Plaintiff argues Defendants' attorneys,

---

[1] ECF No. 1.
[2] ECF No. 5.
[3] ECF No. 9.
[4] ECF No. 7.
[5] ECF Nos. 10, 15, and 16.
[6] *See* ECF No. 15-1 at p. 2; ECF No. 16-1 at pp. 1-2.
[7] ECF No. 17.
[8] ECF No. 18.

in bad faith, filed their entries of appearance ten days after their retention in order to manufacture "excusable neglect" so as to justify a reason for not timely filing answers. Finally, Plaintiff alleges Defendant Aaron Kite, who filed the Motion, lacks standing to do so under ABA Model Rule of Professional Conduct 3.7.[9]   Based on the above, Plaintiff asks this Court to deny the Motion with prejudice.[10]   Each argument is addressed below.

## III.   Discussion

In deciding a motion for extension of time, the Court looks to Fed. R. Civ. P. 6(b). If a request to extend time is made before the "the original time or its extension expires," a "good cause" standard is used.[11]   If, however, the motion is made after the time has expired, the Court may grant the request "if the party failed to act because of excusable neglect."[12]   Here, Defendants filed their Motion at least three days before the answer deadlines.   Therefore, the Court applies a "good cause" standard.   At a minimum, "good cause" requires "some justification for issuance of the extension."[13]   Furthermore, Fed. R. Civ. P. 6(b) confers "wide discretion" to grant requests made—as here—before the original deadline expires.[14]   Also, "'district courts should normally grant extension requests, made

---

[9] *See* ECF No. 18 at pp. 2-5 for a summary of Plaintiff's arguments.
[10] Defendant also requests entry of default judgment against all Defendants pursuant to Fed. R. Civ. P. 55. However, Defendant currently has motions for default judgment on file against all Defendants. Those motions are properly before the District Court Judge and will be decided by him in due course.
[11] Fed. R. Civ. P. 6(b)(1)(A).
[12] Fed. R. Civ. P. 6(b)(1)(B).
[13] *Kansas ex rel. Kobach v. Macquarie Energy LLC*, No. 23-4035-DDC-RES, 2023 WL 3790684, at *1 (D. Kan. June 2, 2023) (quoting 4B Charles Alan Wright, et al., Federal Practice and Procedure § 1165 (4th ed. 2015)).
[14] *Id.*

before the deadline, in the absence of bad faith by the requesting party or prejudice to another party.'"[15]

Additionally, the District's Local Rules require that motions for extensions of time state: 1) whether the other parties have been consulted and their views on the request; 2) the current deadline; 3) whether other extensions have been granted; and 4) the cause of the requested extension.[16]  Here, Plaintiff argues Defendants' Motion should be denied with prejudice for failure to include these elements.  While the Court agrees the first three elements are not specifically mentioned in Defendants' Motion, it does not find such flaws to be fatal.  This is because, in addition to being granted "wide discretion" in these matters, District Courts are to liberally construe Fed. R. Civ. P. 6(b)(1) "to advance the goal of trying each case on the merits."[17] Fed R. Civ. P. 1 also informs application of this rule, directing courts to apply Rule 6, like all the Federal Rules of Civil Procedure, "'to secure the just, speedy, and inexpensive determination of every'" case.[18]  In accordance with these principals of justly deciding cases on the merits, the Court does not find Defendants' Motion's lack of conformity with the Court's Rules justifies denying them the right to answer the Complaint.

Regarding the fourth element above, stating the cause of the requested extension, the Court finds Defendants have reasonably stated such a cause in their Motion.  Defendants ask to file their answers after the Court decides their motion to consolidate the

---

[15] *Id.* (internal citations omitted).
[16] D. Kan. Rule 6.1(a)(1)-(4).
[17] *Kansas ex rel. Kobach*, 2023 WL 3790684, at *1 (quoting *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016)).
[18] *Id.*

case with another pending case in this District.  Defendants indicate doing so will achieve judicial economy.[19]  This is a sufficient statement of the cause to receive an extension.

Now, using the "good cause" standard set out above, the Court must decide whether to actually grant the requested extension of time.  The Court should do so in the absence of bad faith or prejudice to the Plaintiff.[20]  Plaintiff argues bad faith exits here.  He alleges two of Defendants' attorneys intentionally filed their entries of appearance roughly ten days after their retention in order to manufacture "excusable neglect"[21] so as to justify a reason for not timely filing answers.  Without more evidence, the Court cannot reasonably infer bad faith from the fact that two of Defendants' attorneys entered their appearances a week or so after being retained.  The Court finds nothing irregular regarding this practice. Especially given the fact that Defendant Aaron Kite, who is an attorney and is listed as attorney of record on this case, timely filed the Motion on behalf of all Defendants before the answer deadlines.

However, the Court does find that extending Defendants' answer deadlines until after a decision on the motion to consolidate could be prejudicial to Plaintiff due to the added delay of receiving answers to his Complaint.  Therefore, the Court will require Defendants to file their answers, or other responsive pleadings, to the Complaint by **March 1, 2024**.  This acceleration of the extension of the answer deadlines will appropriately mitigate any possible prejudice to Plaintiff.[22]

---

[19] *See* ECF No. 7 at p. 5.
[20] *Kansas ex rel. Kobach*, 2023 WL 3790684, at *1.
[21] As stated above, a "good cause" standard, rather than "excusable neglect," is more applicable to requests for extensions of time made before the original deadline.
[22] *See, e.g., Kansas ex rel. Kobach*, 2023 WL 3790684, at *1-2 (finding that giving plaintiff 60 days, instead

Before concluding this Order, the Court will address Plaintiff's third argument. Plaintiff contends Defendant Aaron Kite lacks standing to file the Motion because of ABA Model Rule of Professional Conduct 3.7(a).  Plaintiff argues this Rule precludes Defendant Aaron Kite, who is an attorney, from representing parties while also being a party to this case.  ABA Model Rule 3.7(a) sets forth the requirements for whether a lawyer can act as an "advocate at a trial in which the lawyer is likely to be a necessary witness."[23]  This rule is presently inapplicable because this case is not at the trial stage.  If this case proceeds to trial, the Court is confident counsel will adhere to their ethical obligations.

## IV.    Conclusion

For the reasons stated above, the Court finds good cause, as required by Fed. R. Civ. P. 6(b)(1)(A), exists to extend the answer deadlines.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Extension of Time to Answer (**ECF No. 7**) is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall have until **March 1, 2024**, to answer, or otherwise responsively plead to, Plaintiff's Complaint.

**IT IS SO ORDERED.**

Dated February 23, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

of the requested 90 days, to reply to defendant's motion to dismiss would properly mitigate any prejudice).
[23] The Kansas Rules of Professional Conduct ("KRPC"), as adopted by the Supreme Court of Kansas, govern proceedings in this Court.  *See* D. Kan. Rule 83.6.1(a).  Kansas has adopted a rule, found at KRPC 3.7(a), which is identical to ABA Model Rule 3.7(a).