IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES LINLOR**,

      Plaintiff,

v.

**JOHN HOLMAN, et al.**,

      Defendants.

Case No. 24-1001-DDC-GEB

### MEMORANDUM AND ORDER

This matter comes before the court on three default-judgment-related motions filed by pro se[1] plaintiff James Linlor. The court, as explained below, denies all three. The court begins with a brief discussion of Federal Rule of Civil Procedure 55.

Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment. *First*, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. *Second*, after the Clerk enters default, plaintiff may then request the Clerk to enter judgment for an amount that is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). But when a plaintiff's claim doesn't seek a sum certain, plaintiff must apply to the court for a default judgment under Rule 55(b)(2). And, the court notes, the "preferred disposition of any case is upon its merits and not by default

---

[1] Plaintiff proceeds pro se, so the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

judgment[.]" *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). The court applies this rule to plaintiff's three motions, starting with plaintiff's request for entry of default.

*First*, in Doc. 15, plaintiff moves for entry of default under Rule 55(a) against the following defendants:

- John Holman
- Marcella Warner Holman
- Ansel Kay Barngrover
- Black Diamond Angus Ranch Partnership
- Black Diamond Angus Ranch LLC
- Warner Angus Ranch (WAR) Morgans

Doc. 15 at 1. Plaintiff asserts he's entitled to entry of default because these six defendants failed to appear, plead, or otherwise defend by the January 26, 2024, deadline. Doc. 15-1 at 1. Plaintiff acknowledges that these defendants, along with defendant Aaron Kite, sought an extension of time to file an answer (Doc. 7). *Id.* But he argues that defendants' motion falls short, and they shouldn't get additional time to file responses. *Id.* United States Magistrate Judge Gwynne E. Birzer addressed all of plaintiff's arguments in a Memorandum and Order (Doc. 31). Judge Birzer concluded defendants had shown good cause for an extension of time. *Id.* at 5. So, Judge Birzer extended defendants' answer deadlines, *id.*, and defendants timely filed an Answer, Doc. 32. As a result, the six defendants above have not failed to defend this lawsuit and the court declines to enter default. The court thus denies plaintiff's Motion for Entry of Default (Doc. 15).

*Second*, in Doc. 16, plaintiff moves for entry of default under Rule 55(a) against defendant Aaron Kite. As just explained, Judge Birzer granted defendant Kite's Motion to

Extend Time to Answer (Doc. 7).  Defendant Kite since has filed a timely Answer (Doc. 32).  The court thus denies plaintiff's Motion for Entry of Default (Doc. 16).

*Last*, in Doc. 10, plaintiff moves for entry of default judgment under Rule 55(b) against defendant Ansel Kay Barngrover.  But, if "default has not been entered, default judgment may not be granted."  *Pitts v. Matevousian*, No. 20-CV-02691, 2021 WL 22335, at *1 (D. Colo. Jan. 4, 2021); *see also Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995).  As explained above, the court denies plaintiff's request for entry of default against defendant Barngrover.  So, the court can't enter a default judgment since plaintiff hasn't cleared step one of Rule 55's processes.  The court thus denies plaintiff's Motion for Entry of Default Judgment (Doc. 10).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default (Doc. 15) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Entry of Default (Doc. 16) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Entry of Default Judgment (Doc. 10) is denied.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2024, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> Daniel D. Crabtree
> United States District Judge