IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES LINLOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-1001-DDC-GEB |
| JOHN HOLMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants John Holman, Marcella Warner Holman, Black Diamond Angus Ranch Partnership, Black Diamond Angus Ranch LLC, Warner Angus Ranch Morgans, Aaron Kite, and Ansel Kay Barngrover's Motion to Consolidate (**ECF No. 7**) and Plaintiff James Linlor's Motion Under FRCP 42(b) to Bifurcate and Stay Case Elements Related to Defendants Kite and Barngrover (**ECF No. 19**). These Motions are fully briefed[1] and the Court is ready to rule.

For the reasons set forth below, the Court finds both Motions premature, and thus **DENIES WITHOUT PREJUDICE TO REFILING** both Motions.

### I. Defendants' Motion to Consolidate

On January 23, 2024, Defendants, pursuant to Fed. R. Civ. P. 42(a), filed a Motion to Consolidate the present case with *Holman, et al. v. Future Growth, LLC et al.*, Case No. 24-CV-1012-EFM-TJJ, which was removed from Kansas State Court to Federal Court on

---

[1] *See* ECF Nos. 18, 28, and 34.

January 17, 2024.[2]   However, on February 29, 2024, Defendants filed a Motion for Judgment on the Pleadings or to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted[3] ("Dispositive Motion").  The Dispositive Motion asks the Court to dispose of this case in its entirety by either granting judgment for Defendants or dismissing all of Plaintiff's claims.

Under Fed. R. Civ. P. 42(a), if actions before the court "involve a common question of law or fact," the court may consolidate the actions.  The decision whether to consolidate is left to the sound discretion of the trial court.[4]  "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[5]  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[6]

Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to

---

[2] ECF No. 7.
[3] ECF No. 35.
[4] *Sprint Commc'ns, L.P. v. Cox Comm'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978)).
[5] *Id.* (quoting *McCoy v. Whirlpool Corp.*, No. 02–2064–KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003)).
[6] *Id.* (quoting *C.T. v. Liberal Sch. Dist.*, 562 F.Supp.2d 1324, 1346 (D.Kan.2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed.2008))).

consolidate.[7] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[8]

Here, due to Defendants' pending Dispositive Motion, the Court finds that judicial economy would not be served by consolidation at this time. Instead, judicial efficiency is best served by deciding the Dispositive Motion prior to any consolidation. A favorable ruling on the Dispositive Motion could resolve this case in its entirety, making consolidation unnecessary. If, however, the Court denies the Dispositive Motion, Defendants may renew their request for consolidation.[9]

Alternatively, the ruling could narrow the claims, making any renewed consolidation motion, if Defendants find one necessary, more focused. While both cases deal with real estate in Ford County, Kansas, the present action is much more encompassing in terms of claims presented, relief sought, and defendants included. For example, in this Complaint, Plaintiff alleges a myriad of claims against Aaron Kite and Ansel Kay Barngrover, the attorney and his legal assistant, representing the Holmans in the removal case.[10] While the Holmans are parties in both cases, Kite and Barngrover are not. If the Court, in ruling on the Dispositive Motion, should dismiss the claims against

---

[7] *Id.* (citing *Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90–4228–S, 90–4229–S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991)).
[8] *Id.* (citing *Blagg v. Line*, Nos. 09–CV–0703–CVE–FHM, 09–CV–0708–TCK–PJC, 10–CV–0502–GKF–PJC, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y.1987))).
[9] *See id.* at *1-2 (denying without prejudice to refiling a motion to consolidate due to pending motions to dismiss and transfer).
[10] *See generally* ECF No. 1.

Kite and Barngrover as premature, but allow certain other claims to proceed, a decision on consolidation would be more appropriate at that time.

## II.  Plaintiff's Motion to Bifurcate and Stay

In his Motion to Bifurcate and Stay, Plaintiff requests that his claims against Kite and Barngrover be separated under Fed. R. Civ. P. 42(b) into another case and stayed pending resolution of the removal action.[11]  Under Rule 42(b), a "court may order a separate *trial* of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[12]  Because this case is not yet near trial, the Court finds Plaintiff's Motion premature.  The Court additionally finds a decision on Plaintiff's Motion premature due to Defendants' pending Dispositive Motion.  The Court will be in a better position to decide any bifurcation and stay issues after a ruling deciding if all, some, or none of Plaintiff's claims will proceed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Consolidate (**ECF No. 7**) and Plaintiff's Motion Under FRCP 42(b) to Bifurcate and Stay Case Elements Related to Defendants Kite and Barngrover **(ECF No. 19)** are **DENIED WITHOUT PREJUDICE TO REFILING.**

**IT IS SO ORDERED.**

Dated May 3, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[11] ECF No. 19 at pp. 1-2.
[12] Emphasis added.