## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES LINLOR,

        Plaintiff,

v.

JOHN HOLMAN, et al.,

        Defendants.

Case No. 6:24-CV-1001-DDC-GEB

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

COME NOW defendants John Holman, Marcella Holman, Black Diamond Angus Ranch Partnership, Black Diamond Angus Ranch LLC, Warner Angus Ranch Morgans (the "Movants") and, in support of their Motion for Protective Order, allege and state as follows:

1. Statement of Specific Relief. Movants request a Motion for Protective Order preventing the use of materials disclosed, produced, or otherwise discovered in this case from being used for any reason except for the prosecution and defense of the issues raised in this case.

2. Statement of the Nature of the Matter Before the Court. This is a motion for a protective order that will prevent the use of discovery materials, including deposition testimony, from this case from being used for any reason except for the prosecution and defense of the issues raised in this case.

3. Concise Statement of Facts. This case relates to a case that was filed in the Ford County District Court as a case alleging a breach by companies owned by the plaintiff of an agricultural lease and failure to comply with the Kansas agricultural lease termination statute. That case was removed to the United States District Court of the District of Kansas on January 17, 2024. At or about January 2, 2024, Captain James Linlor, the principal of

Future Growth LLC and STUGA LLC, filed this litigation, alleging a multitude of claims arising from transactions described in the removed litigation. (See Doc. 1; *James Linlor v. John Holman, et. al.*, Case 6:24-cv-01001-DDC-GEB, Complaint, Doc. 1). This lawsuit Captain Linlor, individually and without counsel, originally named the Movants, their attorney, and their attorney's legal assistant, as defendants and alleged a host of different causes of action against Movants, their businesses, their lawyer, and their lawyer's legal assistant as claims alleged to be personal to Mr. Linlor in a 24-page complaint. (See *James Linlor v. John Holman, et. al.*, Case 6:24-cv-01001-DDC-GEB, Complaint, Doc. 1) The Court denied a motion to consolidate the two cases. (*James Linlor v. John Holman, et. al.*, Case 6:24-cv-01001-DDC-GEB, Doc. 35, 44, 53) This Court granted a motion on the pleadings in this litigation for all of plaintiff's claims except (1) a claim for unfair competition, (2) a claim for alleged violations of the Kansas residential landlord and tenant act, and (3) a claim for breach of oral contract. (*Linlor v. Holman, et. al.*, Case 6:24-cv-01001-DDC-GEB, Doc. 62, p. 35)

4. <u>Compliance with Local Rules 37.1 and 37.2</u>. On November 5, 2024 Judge Birzer, during a scheduling conference, directed counsel for the defendants/Movants and plaintiff Captain James Linlor to prepare and jointly submit a joint protective order. Counsel for Movants sent Captain Linlor a copy of the federal template order and instructions on Friday, November 8, 2024 and has had numerous fax and email exchanges with Captain Linlor since that time regarding a proposed Joint Protective Order which has been submitted to chambers herewith. Counsel for Movants/Defendants attempted to call Captain Linlor on November 12, 2024 at 3:18 p.m. based on Captain Linlor's offered schedule and at his invitation, but counsel had to leave a voicemail. Captain Linlor never called back.

Based on the information exchanged, it is clear that Captain Linlor, the plaintiff, will not agree to a joint order and simply objects to the concept of a protective order in this case. An attempt was made to put together a simple joint protective order. Counsel believes that, based on the amount of email and fax communications the "meet and confer" requirement has been met in this case.

5. <u>Argument</u>. FRCP 26(c) provides that upon a showing of good cause a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Movants must demonstrate good cause in requesting the order. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257, 34 Fed. R. Serv. 3d 563 (D. Kan. 1996).

The defendants request a simple protective order using the District's own template that will protect the following information from uses other than the prosecution and defense of the claims in this litigation: (a) the defendants' personally identifiable business and financial information; (b) work product and privileged information; (c) personally identifiable employment related information, including employment files. The disclosure of this information will, as to the defendants, potentially embarrass, annoy, and oppress defendants in this case.

6. <u>Conclusion</u>. The requested protective order uses the District's standard template protective order and requests protective status regarding three customarily protected areas of information, including privileged information. This order is not overly broad and will protect the parties from annoyance, embarrassment, oppression, or undue burden or expense. Good cause exists for the entry of this order.

s/Aaron Kite  
Aaron Kite #18765

- 4 -

        **KITE LAW FIRM LLC**
        808 W. McArtor Road, PO Box 22
        Dodge City, Kansas 67801
        620.371.5483 (p)
        620.508.2036 (f)
        aaron@kitelawfirm.com
        *Attorney for Movants Johnathan Holman and Marcella Warner Holman*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024 I electronically filed the foregoing Memorandum in Support of Motion for Protective Order with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        /s Aaron Kite
        Aaron Kite #18765

- 4 -