**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| James Linlor, <br><br>          Plaintiff, <br><br> v. <br><br> John Holman, Marcella Warner Holman, Black Diamond Angus Ranch Partnership, Black Diamond Angus Ranch, LLC, and Warner Angus Ranch Morgans <br><br>          Defendants. | Case No. 24-1001-DDC-GEB |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Protective Order **(ECF No. 73)**. Defendants seek a Protective Order pursuant to Fed. R. Civ. P. 26(c), because personally identifiable business, financial, and employment related information could be produced in discovery for this matter. Plaintiff responded in opposition to the Motion for Protective Order (ECF No. 77), asserting a protective order is not necessary in this matter and Defendants failed to confer over the request. For the reasons explained below, the Court **GRANTS** Defendants' motion **(ECF No. 73)** and enters the subsequently filed Protective Order.

## I.  Procedural Background

This case arises out of a real estate and business dispute between Plaintiff, his companies, and Defendants.[1] On August 13, 2024, the Court dismissed, without prejudice, a number of the claims in this matter including all claims against Aaron Kite and Ansel Barngrover.[2] There are now three pending claims in this case: (1) a landlord/tenant claim under Kan. Stat. Ann. § 58-2555(f) against all Defendants; (2) breach of an oral contract against all Defendants; and (3) unfair competition against John Holman.[3]

On November 5, 2024, the Court held a Scheduling Conference with the parties where they agreed to certain deadlines and a Scheduling Order in this matter.[4] In that order, parties agreed discovery may be governed by a protective order and the Court set a November 12, 2024 deadline for motions regarding the protective order.[5] After what the Court would consider good faith efforts to confer with Plaintiff, Defendants filed their Motion for Protective Order on November 12, 2024.[6] Plaintiff filed a timely Response in Opposition on November 26, 2024.[7]  No replies were filed, and Defendants' motion is now ripe for determination.

---

[1] ECF No. 1.
[2] ECF No. 62 at 35-6.
[3] *Id*. at 35.
[4] ECF No. 72.
[5] ECF No. 72 at 6-7.
[6] ECF No. 73.
[7] ECF No. 77.

**II.     Defendants' Motion for Protective Order (ECF No. 73)**

    **A.     Legal Standard**

Plaintiff is a pro se litigant. The Court is mindful of considerations for unrepresented parties. "'A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' but the court will not 'assume the role of advocate for the pro se litigant.'"[8]

Regarding Fed. R. Civ. P. 26(c) as it pertains to the governance of protective orders, generally, it provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….

The decision "[w]hether to enter a protective order rests within the sound discretion of the court."[9]

    **B.     Discussion**

A motion for protective order pursuant to Fed. R. Civ. P. 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other

---

[8] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[9] *Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.,* No. 19-4007-DDC, 2023 WL 183843, at *2 (D. Kan. Jan. 13, 2023) (quoting *Burnett v. W. Res., Inc.*, No. 95-2145-EEO, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996)).

affected parties in an effort to resolve the dispute without court action." "'Reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[10]

"Rule 26(c) allows a party (or any person subject to discovery) to seek a protective order to protect **themselves** 'from annoyance, embarrassment, oppression, or undue burden or expense[.]'"[11] Cases in this District support that a party moving for a protective order, must assert a protective order is needed to protect themselves from the "dangers listed in Rule 26(c)."[12]

Throughout the beginning stages of discovery in this matter, Plaintiff has made conferral with Defendants a challenge. He has, without proof, accused the Defendants' and their email platforms of "poor cyber hygiene" or having "malware" on their computer and demanded they communicate with Plaintiff only by fax. In the spirit of cooperation, when Defendants communicate by fax, Plaintiff then raises objections on the basis there has not been meaningful conferral over the collaborative documents in question. With this issue now being raised on the entry of a protective order, the Court finds Defendants' motion indicates a good faith effort at conferral and sufficiently demonstrates why a protective order is needed in this matter.

---

[10] *Nationwide Mut. Ins. Co. v. Briggs,* No. 11-2119-JTM, 2011 WL 5903536, at *2 (D. Kan. Nov. 23, 2011).
[11] *Orchestrate HR,* 2023 WL 183843, at *3 (emphasis added).
[12] *Id. See also Martley v. City of Basehor, Kan.,* No. 19-02138-DDC, 2020 WL 4334984, at *3 (D. Kan. July 28, 2020), *objections overruled,* No. 19-2138-DDC, 2020 WL 5942265 (D. Kan. Oct. 7, 2020); *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 10664465, at *2–3 (D. Kan. Nov. 5, 2009); and *Epling v. UCB Films, Inc.*, Nos. 98-4226-SAC, 98-4227-RDR, 2000 WL 1466216, at *2 (D. Kan. Aug. 7, 2000).

Defendants have been conferring with Plaintiff by fax, upon Plaintiff's request, email, and by phone. Defendants represent on November 12, 2024, Plaintiff indicated he would be available for a call to meet the deadline to submit a proposed protective order.[13] Plaintiff neither picked up that call, nor did he return it.[14] And, in his Response, Plaintiff fails to offer a reason why he did not confer regarding the proposed protective order on the scheduled day. Here, it is clear Defendants made a good faith effort at faxing the order and calling Plaintiff. Considering Plaintiff's behavioral history in this case, and his objection based on a lack of conferral, Plaintiff's objection is overruled.

Further, Plaintiff's general objections to a protective order in this matter are unfounded. He argues a protective order would increase court costs for him and the information already disclosed by Defendants, without protective order, proves one is not needed.[15] However, Defendants sufficiently demonstrate why the discovery in this business and real estate dispute could include personally identifiable business and employment information as well as potentially privileged information. Such potential discovery demonstrates good cause for a protective order under Fed. R. Civ. P. 26(c).

---

[13] ECF No. 75 at 2.
[14] *Id.* at 2-3.
[15] ECF No. 77 at 2.

### III. Conclusion

For the reasons outlined above, **IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order **(ECF No. 73)** be **GRANTED** and the subsequently filed Protective Order be entered.

**IT IS SO ORDERED.**

Dated December 12, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
