UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| James Linlor,<br><br>        Plaintiff,<br><br>v.<br><br>John Holman, Marcella Warner Holman, Black Diamond Angus Ranch Partnership, Black Diamond Angus Ranch, LLC, and Warner Angus Ranch Morgans<br><br>        Defendants. | Case No. 24-1001-DDC-GEB |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Quash Business Records Subpoenas **(ECF No. 78)**. Defendants seek to quash four business record subpoenas noticed by Plaintiff via email on November 29, 2024.[1] Defendants seek to quash the subpoenas for failure to comply with Rule 45, irrelevant timeframe, and harassment.[2] For the reasons explained below, the Court **GRANTS** Defendants' motion **(ECF No. 78)** and quashes Plaintiff's four business records subpoenas to United Wireless Communications, Inc., the Office of General Counsel at Kansas State University, the USDA Farm Service, and Google, Inc. The Court further sets a schedule for written discovery.

---

[1] ECF No. 78 at 1-3.
[2] ECF No. 78 at 3-5.

1

## I. Procedural Background

This case, filed on January 2, 2024, arises out of a real estate and business dispute between Plaintiff, his companies, and Defendants.[3] In his Complaint, Plaintiff brings claims against Defendants, alleging through multiple attempts, they blocked his land sale.[4] He seeks injunctive relief and monetary damages.[5] Defendants deny the allegations. On August 13, 2024, the Court dismissed, without prejudice,[6] a number of the claims in this matter including all claims against two defendants, Aaron Kite and Ansel Barngrover.[7] Three claims remain: (1) a landlord/tenant claim under Kan. Stat. Ann. § 58-2555(f) against all Defendants; (2) breach of an oral contract against all Defendants; and (3) unfair competition against John Holman.[8]

Following a routine scheduling conference with the parties on November 5, 2024, the Court entered a formal Scheduling Order to govern the flow of the case.[9] In that order, parties agreed discovery may be governed by a protective order and, after motion practice related to the protection of documents containing personal and identifiable business and employment information, a Protective Order was entered on December 13, 2024 (ECF No. 81).

---

[3] ECF No. 1.
[4] *Id.* at 17-9.
[5] *Id.* at 21-3.
[6] ECF No. 62 at 35-6.
[7] *Id*. at 35.
[8] *Id*.
[9] ECF No. 72.

On December 20, 2024, the Court held a Discovery Hearing with the parties to address Defendants' Motion to Quash (ECF. No. 78) Plaintiff's subpoenas to four nonparties: (1) United Wireless Communications; (2) the Office of General Counsel at Kansas State University; (3) the USDA Farm Service; (4) and Google, Inc. Collectively, the subpoenas seek call logs, location data, and email traffic of Defendants' from 2012 through 2022. After hearing the oral argument of the parties, the Court granted Defendants' Motion as to all four subpoena requests. This written order memorializes the Court's rulings.

## II. Relevant Contentions

Plaintiff's original complaint contains a series of claims against Aaron Kite and Ansel Kay Barngrover including: malicious prosecution, abuse of process, civil conspiracy, defamation, conspiracy for conversion, intentional infliction of emotional distress, tortious interference, unfair competition, and fraud.[10] On August 13, 2024, the Court dismissed, without prejudice, all of these claims.[11] Plaintiff also stated a series of claims against John Holman, Marcella Warner Holman, and their ranching businesses for: tortious interference, defamation, unfair competition, intentional infliction of emotional distress, malicious prosecution, conversion, a violation of Kan. Stat. Ann. § 58-2555(f), breach of oral contract, and breach of contract.[12] On August 13, 2024, the Court dismissed, without prejudice, all of these claims except the three claims outlined above.[13] In review

---

[10] ECF No. 1 at 9-17.
[11] ECF No. 62 at 35.
[12] ECF No. 1 at 13-9.
[13] ECF No. 62 at 35.

of Defendants' Motion to Quash and Plaintiff's responsive arguments, it is important to note that none of the original or remaining claims include a claim for trespass on Plaintiff's land. Although the Court appreciates overlapping discovery, even with dismissed claims, of which trespass is not, relevant discovery is currently targeted at the remaining claims for landlord tenant violations based on damage to Plaintiff's pipes under Kan. Stat. Ann. § 58-2555(f), the breach of oral contract claim, and the unfair competition claim.

### III. Defendants' Motion to Quash (ECF No. 78)

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Fed. R. Civ. P. 45(d)(3)(A)(iv) states a court "must quash or modify a subpoena that ... subjects a person to undue burden." "Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"[14] Usually, a party to the lawsuit does not have standing to quash a subpoena an adverse party seeks to serve on a nonparty.[15] However, where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena, that party has the standing to make a Motion to Quash.[16] Because Plaintiff's requested subpoenas regard Defendants' personal and business communications, data, and

---

[14] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (internal citations omitted); *Tekle v. Al Saud*, No. 18-211-RDA, 2019 WL 4415095, at *2 (D. Kan. Sept. 16, 2019).
[15] *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 (D. Kan. 2000); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).
[16] *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

records, the Court finds Defendants have standing to challenge Plaintiff's subpoena requests to these four non-parties.

Where subpoenas are served on non-parties, their status as non-parties weighs against requiring disclosure.[17] Thus, the Court must closely consider the relevancy of subpoena requests to non-parties.[18] Rule 26(b)(1) outlines the scope of discovery. This rule permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Relevance at the discovery stage is broad[19] and does not mean the information obtained would necessarily be admitted at trial. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[20]

---

[17] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993) (the status of a person as a nonparty is a factor that weighs against disclosure)).
[18] *See generally Schumacher v. Hardwoods Specialty Prod. US, LP*, No. 18-4130-HLT, 2019 WL 4689459 (D. Kan. Sept. 26, 2019).
[19] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).
[20] *Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).

Fed. R. Civ. P. 45(a)(4) states "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." The Court notes that no Rule 45 notice of these subpoenas was served on either the Defendants or the non-parties to this case, by Plaintiff, in his pro se status. However, a pro se litigants' documents are liberally construed and held to a less stringent standard than those produced by attorneys.[21] So, as to the Defendants, the Court finds Plaintiff's November 29, 2024 email to Defendants, with the subpoenas attached, put them on notice of Plaintiff's document requests, and did place Defendants on notice for purposes of this Motion to Quash. Defendants' Rule 45 objections, as it relates to notice, are thus overruled.

However, the Court does find this form of notice would not be sufficient for non-parties. A notice that complies with Fed. R. Civ. P. 45(a)(4) would be required to place non-parties on notice of the subpoena, the relevant issues to this case, and give them the necessary opportunity to state any objection, regardless of Plaintiff's pro se status. The District's form outlines for non-parties their rights and obligations related to the subpoena request. Where the non-parties have not been provided this form or Rule 45 notice of the subpoenas in this matter, the notice requirement of Rule 45 has not been satisfied for non-parties. But, since Defendants have established standing to quash these subpoenas, the Court will now address the merits of each subpoena request to the non-parties in turn.

---

[21] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A. United Wireless Communications

The Court first considers Plaintiff's subpoena to United Wireless Communications, Inc ("UWC"). The subpoena to UWC states a request:

> "From 6/1/2022 through 12/1/24 for all call logs & SMS originating & content data in pdf format with all location & tower metadata for all calls and texts sent or received to/from 620-789-1257 or 620-338-1737, incl all location & twr metadata in pdf format, Except SMS contents w/ 620-255-2673 (aaron kite), production in presence of James Linlor."

Defendants object to this request as too broad in terms of timeframe and assert it seeks the confidential communications of Defendants. Plaintiff asserts the location data is relevant to his trespass allegations, which have never been a claim in this case. The Court overrules Defendants' objection based on confidentiality due to the standing Protective Order (ECF No. 81). However, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[22] The Court thus sustains Defendants' objection of overbreadth and finds Plaintiff's subpoena request to UWC is not proper since it is overbroad, appears to search for information akin to a fishing expedition, and is irrelevant to past or present claims in this matter. The Court encourages parties to exchange written discovery and use that information to narrow the scope of any future requests to the relevant claims remaining in this action. The subpoena to UWC is quashed.

### B. Office of General Counsel at Kansas State University

Next, the Court contemplates the subpoena to the Office of General Counsel at Kansas State University. The subpoena to KSU states a request:

---

[22] *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

> "From 6/1/2022 through 12/1/24 for all emails including attachments sent or received with email JHOLMAN@KSU.EDU or any aliases, including all metadata in PST format to be produced from backup media of the most recent 6-month or similar historical 6-month backup, demonstrated as containing all the same emails to the past point-in-time, except for emails to/from @ksu.edu student emails or aaron@kitelawfirm.com containing the phrase "legal advice" in the presence of Capt. James Linlor. Plus all changes and historical copies to/of KSU email policies and notes surrounding reasons, discussions, inputs, and any implications of such changes on future discovery, plus any emails or information related to ethical complaints submitted against Prof. John Holman during the same time period."

Defendants argue this request again seems to regard a trespass claim not present in this matter and the broad request reads as harassment to Defendant, John Holman where it seeks ethical complaints. Plaintiff claims the emails and evidence of ethical complaints are relevant to his assertions of a cover up at KSU and his trespass claims. Again, this request appears to the Court to be a fishing expedition by Plaintiff. There are no allegations against KSU in this action or trespass claims. Because the relevance of this request was not apparent on its' face, Plaintiff bore the burden of proving its' relevance to the Court.[23] Plaintiff failed to demonstrate its' relevance. The Court sustains Defendants' objection and finds this request overbroad, harassing to Defendant John Holman, and irrelevant to past or present claims in this matter. Ethical complaints against Defendant John Holman are far from relevant to landlord/tenant, oral contract, and unfair competition claims. The Court again encourages parties to exchange written discovery and use that information to narrow the scope of any future requests to the relevant claims remaining in this action. The subpoena to KSU is quashed.

---

[23] *Johnson*, 212 F.R.D. at 586.

### C. USDA Farm Service

The Court next considers Plaintiff's subpoena to the USDA Farm Service. The subpoena to the USDA states a request:

> "For the period 1/1/2012 - 12/1/2024, in pdf format, any requests, supporting documentation, answers (approvals/denials/other) for any FSA or USDA programs, for what properties (S/T/R & address) plus what payments were made and to what person(s)/entity(ies) to or for the benefit of any: John or Marcella Warner Holman, Black Diamond Angus Ranch LLC, Black Diamond Angus Ranch Partnership, production in presence of James Linlor."

Defendants object to the overbreadth of this request and assert Plaintiff is entitled to the FSA documents relevant only to the land in question, not Defendants' other properties outside of this litigation. Plaintiff asserts he wants access to all FSA documents using his name to receive benefits. This argument seems to the Court to be more applicable to Plaintiff's initial conversion claim, which no longer remains in this action. FSA benefits in Plaintiff's name are outside the scope of the landlord/tenant, oral contract, and unfair competition claims. The Court sustains Defendants' objection and finds the information Plaintiff is seeking in this request irrelevant to the remaining claims in the matter. Further, Plaintiff asserted at the hearing he spoke with FSA and received three documents to date. It appears to the Court Plaintiff is capable of obtaining documents from the FSA and additional relevant documentation is likely in the possession of Defendants for the land in question and could be turned over during written discovery, without the need for subpoena. The subpoena to the USDA Farm Service is quashed for the same reasons as above. Requests must be relevant to the claims remaining in this action and written discovery ought to proceed first.

### D.     Google, Inc.

Lastly, the Court considers the subpoena to Google, Inc. The subpoena to Google states a request for:

> "All emails (sent/received/deleted or any category) including attachments from BLACKDIAMONDANGUS@GMAIL.COM in PDF electronic format including all headers and metadata for the time period 6/1/22 through 12/1/24 except for emails with aaron@kitelawfirm.com containing the word phrase 'legal advice.' Please contact requestor and we can coordinate on media for production to be conveyed upon."

Defendants object to the overbreadth of this request in requesting business emails back to 2022. Plaintiff asserts the time period is necessary to prove Defendants had been using his land for grazing over the years and failing to pay. Again, Rule 26(b) does not allow Plaintiff to engage in a burdensome and speculative fishing expedition through Defendants' business account.[24] Plaintiff failed to demonstrate the relevance of past grazing to the instant landlord/tenant, oral contract, and unfair competition claims. Additionally, the Court is especially sensitive where the subpoena to a non-party weighs against requiring disclosure by an entity the size of Google, Inc.[25] Non-parties should not be dragged into fishing expeditions, especially where written discovery can first be exchanged among the parties. The Court sustains Defendants' objection and finds the request is overbroad as stated, irrelevant to the landlord/tenant, oral contract, and unfair competition claims, and burdensome to a non-party where written discovery has yet to be conducted. The subpoena to Google, Inc is quashed. Written discovery will proceed first.

---

[24] *Murphy*, 619 F.3d at 1163.
[25] *Goodyear Tire*, 211 F.R.D. at 663.

The Court's decision on a Motion to Quash, as with any discovery ruling, is "within the broad discretion of the trial court, and [the Court of Appeals] will not disturb [it] absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[26] Thus, the Court, in its' discretion and reliance on applicable law, grants the Motion to Quash. Plaintiff is reminded of the discussion with the Court at the December 20, 2024 Discovery Conference about the value of written discovery and its ability to assist Plaintiff is setting the correct scope for any future subpoenas.

Because parties have yet to make progress on written discovery to this date, the Court sets the following schedule and guidelines for written discovery, in order to make progress in the matter. Parties must propound written discovery by **February 7, 2025.** Written discovery in this matter will consist of no more than twenty-five Interrogatories with no more than three subparts per inquiry, twenty Requests for Production, and ten Requests for Admission. The temporal scope for all requests shall not exceed the period between June 1, 2022 and January 1, 2024. The parties are encouraged to cooperate and keep objections to a minimum while exchanging early discovery, as discussed during the conference. The Court will hold a Status Conference with the parties on **March 6, 2025 at 10 a.m. by videoconference** to discuss the progress on written discovery and next steps.

---

[26] *Kenno v. Colo. Governor's Off. of Info. Tech.*, Nos. 21-1353 & 21-1434, 2023 WL 2967692, at *7 (10th Cir. April 17, 2023), cert. den'd, 144 S. Ct. 696 (2024) (internal quotation marks omitted) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)).

### IV.     Conclusion

For the reasons outlined above, **IT IS THEREFORE ORDERED** that Defendants' Motion to Quash **(ECF No. 78)** be **GRANTED** and the above discovery deadlines be set.

**IT IS SO ORDERED.**

Dated January 17, 2025, at Wichita, Kansas.

                                        s/ Gwynne E. Birzer
                                        GWYNNE E. BIRZER
                                        United States Magistrate Judge