### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

James Linlor,

        Plaintiff,

    v.

John Holman, Marcella Warner Holman,
Black Diamond Angus Ranch Partnership,
Black Diamond Angus Ranch, LLC, and
Warner Angus Ranch Morgans

        Defendants.

Case No. 24-1001-DDC-GEB

### <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 84) of the Court's December 13, 2024 order granting Defendants' Motion for Protective Order (ECF No. 73 & ECF Nos. 80-81). In the event the Court denies the Motion for Reconsideration, Plaintiff filed a Notice of Appeal with the 10th Circuit (ECF No. 92). After consideration of Plaintiff's Motion (ECF No. 84), Defendant's Response (ECF No. 87), and Plaintiff's Reply (ECF No. 88) the Court **DENIES** Plaintiff's Motion for Reconsideration.

## I.     Procedural Background

This case, filed on January 2, 2024, arises out of an ongoing real estate and business dispute between Plaintiff, his companies, and Defendants.[1] In his Complaint, Plaintiff

---

[1] ECF No. 1.

brings claims against Defendants, alleging through multiple attempts, a blocked land sale.[2] He seeks injunctive relief and monetary damages.[3] Defendants deny the allegations.

On August 13, 2024, the Court dismissed, without prejudice,[4] a number of the claims in this matter including all claims against two defendants, Aaron Kite and Ansel Barngrover.[5] Three claims remain: (1) a landlord/tenant claim under Kan. Stat. Ann. § 58-2555(f) against all Defendants; (2) breach of an oral contract against all Defendants; and (3) unfair competition against Defendant, John Holman.[6]

Following a routine scheduling conference with the parties on November 5, 2024, the Court entered a formal Scheduling Order to govern management of the case.[7] In that order, the parties agreed discovery may be governed by a protective order and, after motion practice related to the protection of documents containing personal and identifiable business and employment information, on December 13, 2024, the Court granted Defendants' Motion for Protective Order (ECF No. 81). On December 24, 2024, Plaintiff filed a Motion for Reconsideration (ECF No. 84), and the Motion is now ripe for determination.

---

[2] *Id.* at 17-9.
[3] *Id.* at 21-3.
[4] ECF No. 62 at 35-6.
[5] *Id.* at 35.
[6] *Id.*
[7] ECF No. 72.

## II.    Legal Standard for Reconsideration

Although the Federal Rules of Civil Procedure do not address motions for reconsideration,[8] the standard is well-established in this district's local rules. Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Reconsideration is

> only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.[9] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[10]

Plaintiff contends the Court must reconsider its ruling under D. Kan. Rule 7.3(b)(3) due to an alleged error at law by failing to follow District case law requiring specific and good cause to enter a protective order.[11] Plaintiff also objects the protective order entered is overly broad and designed to obstruct and frustrate the use of discovery received in this case from use in current and any subsequent related litigation.[12]

In this particular instance, the Court is mindful of considerations for unrepresented parties. "A pro se litigant's pleadings are to be construed liberally and held to a less

---

[8] *See Quality Time, Inc. v. W. Bend Mut. Ins. Co.,* No. 12-1008-JTM, 2013 WL 257074, at *1 (D. Kan. Jan. 23, 2013) (citing *Warren v. Am. Bankers Ins.,* 507 F.3d 1239, 1243 (10th Cir.2007)).

[9] *Tomelleri v. MEDL Mobile, Inc.*, No. 14-2113-JAR, 2015 WL 5098248, at *1 (D. Kan. Aug. 31, 2015) (citing *Turner v. Nat'l Council of State Bds. of Nursing, Inc.,* No. 11–2059–KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013)); *Comeau v. Rupp,* 810 F. Supp. 1172, 1174–75 (D. Kan.1992)).

[10] *Id.* (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.,* 370 F. Supp. 2d 1130, 1132 (D. Kan.2005)).

[11] ECF No. 84 at 1.

[12] *Id.*

3

stringent standard than formal pleadings drafted by lawyers, but the court will not 'assume the role of advocate for the pro se litigant.'"[13] The decision to grant or deny a Motion for Reconsideration is in the sound discretion of the District Court.[14]

## III.   Plaintiff's Motion for Reconsideration (ECF No. 84)

Plaintiff's Motion for Reconsideration boldly claims the Court made an error at law by "rubber stamping" a "broad protective order" without a showing of good cause.[15] There is ongoing *in rem* litigation[16] relating to much of Plaintiff's arguments here,  and he asserts the Protective Order entered by this Court: 1) conflicts with the Protective Order in the *in rem*  matter; 2) lacks specific and good cause; 3) prevents the discovery obtained in this litigation from being used in "subsequent related litigation against the lawfairing defense counsel"[17]; 4) causes the designation of some evidence such as employment or business records as confidential, prohibiting their use;[18] 5) obscures criminal behavior which may appear in some discovery documents;[19] and 6) was based on an error of fact where the Court found "unproven" viruses, despite Plaintiff's examples, and claiming that Plaintiff failed to meet-and-confer over the Protective Order.[20] As relief, Plaintiff requests the Court

---

[13] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir.1997); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997); *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001).
[15] ECF No. 84 at 4-5.
[16] *Holman v. Future Growth, LLC*, No. 24-1012-EFM, 2024 WL 3677604 (D. Kan. Aug. 2, 2024).
[17] ECF No. 84 at 1.
[18] *Id*. at 6-9.
[19] *Id*. at 10.
[20] ECF No. 84 at 10-12; ECF No 77-1 at 6-8.

either vacate the Protective Order or, in the alternative, certify the Interlocutory Appeal of the Protective Order.[21] This Court is not inclined to adopt any of Plaintiff's ultimatums.

Defendants assert there is no prejudice to Plaintiff where discovery of confidential information is allowed under the Order and Plaintiff failed to assert any changes in law or fact to support his argument.[22] Defendants maintain the Protective Order should remain in place and the Interlocutory Appeal be denied, since the Order is not immediately appealable.[23]

**A)    The Court made no error at law.**

Courts are required to require a showing of good cause and find good cause to enter a protective order.[24] Here, Defendants argue discovery in this case involves the discovery of their personally identifiable information, business and financial information, tax information, employment files, and financial documents,[25] and those documents ought to be protected and confidential by the terms of the Protective Order in order to prevent embarrassment, annoyance, or oppression.[26] Based on the parties briefings, the overall

---

[21] ECF No. 84 at 2-3.

[22] *Id*. at 3-4.

[23] *Id*. at 4-5.

[24] Fed. R. Civ. P. 26(c).

[25] ECF No. 80 at 5.

[26] *Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, No. 00–2099–CM, 2001 WL 3953979, at *2 (D. Kan. Apr. 11, 2001) (citing *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D.Kan.1990) (a parties interest in the nondisclosure and confidentiality of its' financial records can usually "be adequately protected by a protective order" restricting dissemination of the documents and the information within")); *Stewart v. City of Prairie Vill., Kan.*, No. 12-2185-JAR, 2013 WL 1498669, at *2 (D. Kan. Apr. 11, 2013) ("the Court finds that good cause for the entry of a protective order exists under Fed.R.Civ.P. 26(c) to protect the confidentiality of the personnel files of parties and non-parties, financial records, criminal investigation reports, medical records, and internal policies and procedures of law enforcement agencies."); ECF No. 80 at 5.

contentious nature of this case, and the tumultuous history between these parties regarding financial and business dealings, the Court, in its' discretion found good cause  to enter a protective order determining confidentiality of any personally identifiable business, financial, or tax information.[27] Where the Court entered the Protective Order based on the Defendants' showing of good cause, there was no error at law.

The Order also does not conflict with the *in rem* case and Plaintiff is not prejudiced in discovery. Plaintiff's concerns based on the use of evidence from this matter in the *in rem* case, or in any subsequent litigation are unfounded. Plaintiff's clear desire, quite frankly, at the inception of this case, has been to use discovery obtained in this case to assist in the *in rem* litigation. This mindset reflects a misunderstanding of separate litigation. Plaintiff brought this separate action against Defendants.[28] The relevant discovery in this matter is only intended to be used by the parties to either support or deny the claims and defenses herein, not to be bootstrapped for use in the *in rem* case;[29] unless the parties agree to such an arrangement. Otherwise, Plaintiff should not be permitted to use the claims and discovery in this case as a sole means to bolster his claims in another action separate from this one.[30] Additionally, it should be noted, a confidential designation of the documents in this case does not preclude Plaintiff from access to any documents.[31]

---

[27] ECF No. 80 at 5.
[28] ECF No. 1.
[29] Fed. R. Civ. P. 26(b)(1).
[30] *Id*.
[31] *See Sonnino v. Univ. of Kan. Hosp. Auth*., 220 F.R.D. 633, 642 (D. Kan.2004) ("It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that the they are confidential."); *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *5 (D. Kan. July 8, 2002) (a party may not rely on the confidential nature of documents as a basis for refusing to produce

To be clear, the protective order entered in this case regarding discovery of confidential designated documents would be relevant to, and used in, this matter *alone*.[32]

Next, Plaintiff claims the confidential designation obscures criminal behavior which may appear in some discovery documents.[33] Other than Plaintiff's assertions, this Court has not seen any reliable evidence of any criminal behavior on behalf of any party in this case. Also, Plaintiff does not have the authority to independently prosecute any criminal allegations with such productions,[34] nor should he or any party be permitted to harness threats of criminal behavior, absent any reliable evidence of the same. As such, this Court can see no conflict in the approved protective order entered in this case with the *in rem* proceedings, and the Court is not of the opinion Plaintiff is prejudiced in any way.

**B)     The Court made no errors in fact**

As to Plaintiff's claims of malware and viruses present in Defendants' computer system, and his allegations that Defendant's refused to meet and confer on the issue of entry of the protective order, the parties briefed the issue, and the Court addressed this argument in its Order. The Court noted:

> "Throughout the beginning stages of discovery in this matter, Plaintiff has made conferral with Defendants a challenge. He has, without proof, accused the Defendants' and their email platforms of "poor cyber hygiene" or having "malware" on their computer and demanded they communicate with Plaintiff only by fax. In the spirit of cooperation, when Defendants communicate by fax, Plaintiff then raises objections on the basis there has not been meaningful conferral over the collaborative documents in question. With this issue now being raised on the entry of a protective order, the Court finds Defendants'

---

them).
[32] Fed. R. Civ. P. 26(b)(1).
[33] ECF No. 84 at 10.
[34] K.S.A. 22-2301.

motion indicates a good faith effort at conferral and sufficiently demonstrates why a protective order is needed in this matter."[35]

As proof, of his malware contentions, Plaintiff refers back to the exhibits attached to his Response (ECF No. 77-1 at 6). The Court has itself received emails from Defendants' systems including emails that were able to be opened and edited. Plaintiff has provided this Court no evidence of malware – only bald allegations - and the Court will no longer entertain this discussion.

Further, Plaintiff's exhibit attached to this motion (ECF No. 84-1 at 3) regarding the meet and confer call is noted but ignores the bases of the Court's conferral concerns in entering the Protective Order.



---

As the Court found, Plaintiff makes conferral with Defendants exceedingly difficult based on unfounded claims of technological issues.[36] The Exhibit merely evidences the challenges in the parties' attempts to meaningfully confer. Where none of Plaintiff's exhibits demonstrate an error in fact by the Court, the Protective Order shall continue to govern applicable discovery in this case.

## IV.    Conclusion

For the reasons stated above, the Court finds its' findings of law and fact in entering the Protective Order were not clearly erroneous. The Protective Order (ECF No. 81) shall stand and the Court based its' Protective Order on a finding of good cause. Further, regardless of the ongoing *in rem* litigation, Plaintiff can use the confidential designated documents as evidence produced in this matter to support his claims, which eliminates any claims of prejudice. Lastly, the Court made no error in fact regarding Plaintiff's factual assertions of malware and conferral where the evidence submitted does not support the facts alleged.

While the District Court does hold the discretion to certify an Interlocutory Appeal, that discretion lies with the District Judge.[37] The Motion for Reconsideration **(ECF No. 84)** of the Memorandum and Order granting the Motion for Protective Order (ECF No. 80) and the Protective Order (ECF No. 81) is therefore **DENIED**.

---

[36] ECF No. 80 at 4-5.
[37] 28 U.S.C § 1292(b).

**IT IS SO ORDERED.**

Dated February 7, 2025, at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge