UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James Linlor,

    Plaintiff,

v.

John Holman, Marcella Warner Holman,
Black Diamond Angus Ranch Partnership,
Black Diamond Angus Ranch, LLC, and
Warner Angus Ranch Morgans

    Defendants.

Case No. 24-1001-DDC-GEB

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 124). After consideration of the Court's Order (ECF No. 108), Plaintiff's Motion (ECF No. 124), and Defendants' Response (ECF No. 129), the Court **DENIES** Plaintiff's Motion **(ECF No. 124)**.

### I.  Background

The claims remaining in this matter are: 1) for unfair competition against Defendant John Holman for obstructing Plaintiff's land sale; 2) a landlord/tenant claim against the Holman's and their businesses for violating K.S.A. 58-2555(f) by harming some pipes on the property; and 3) breach of a verbal contract to pay consideration for Defendants' pasture rental and tenancy.[1] Discovery for these claims opened in November 2024, and since that time parties have been working through written discovery, though slowly and with much

---

[1] ECF No. 1 at 14-17.

1

dispute.

Plaintiff filed a Motion to Compel (ECF No. 98) on February 3, 2025 and the Defendants Responded (ECF No. 103) on February 17, 2025. On March 6, 2025, the Court held a conference over Plaintiff's Motion to Compel. At that conference, the Court walked one by one through Plaintiff's requests for production and interrogatories and asked Plaintiff for his relevance argument regarding each to the remaining claims and addressing Defendants' objections. Through this discussion, the Court often had to redirect Plaintiff to the relevant pasture and oral contract in question. Plaintiff continued to argue for a civil conspiracy and the addition of criminal claims to this civil matter, regarding much of the written discovery at issue. As a result, the Court sustained in part and denied in part Plaintiff's Motion (ECF No. 98) and ordered Defendants supplement their responses with specific information relevant to the claims.[2]

While Plaintiff admits he appreciates that the Court ordered Defendants to supplement discovery with specific information for Interrogatories Nos. 1, 2, 4, 7, 10 & 11[3], he seeks to reconsider the Court's determination that all KSU emails were irrelevant to the present claims and renews his request for production of the emails, a total number of emails related to the account, and the search terms used in the search.[4] Defendants' Response contends that Plaintiff has already been heard on the relevance of KSU emails to the present claims and does not get a second chance at this argument.[5]

---

[2] ECF No. 108 at 2.
[3] ECF No. 124 at 1.
[4] *Id.* at 2.
[5] ECF No. 129 at 3.

Where Plaintiff did not file a Reply, this Motion is now ripe for determination.

## II.     Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not address motions for reconsideration,[6] the standard is well-established. Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Reconsideration is

> only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. . . .[7]  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[8]  Whether to grant a motion to reconsider is left to the Court's discretion.[9]

The Court again is mindful Plaintiff proceeds pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, but the court will not 'assume the role of advocate for the pro se litigant.'"[10] But Plaintiff, even in his pro se status, is not allowed a second chance at a Motion to Compel the KSU emails he seeks for claims outside of the present suit.

---

[6] *See Quality Time, Inc. v. W. Bend Mut. Ins. Co.,* No. 12-1008-JTM, 2013 WL 257074, at *1 (D. Kan. Jan. 23, 2013) (citing *Warren v. Am. Bankers Ins.,* 507 F.3d 1239, 1243 (10th Cir.2007)).

[7] *Tomelleri v. MEDL Mobile, Inc.*, No. 14-2113-JAR, 2015 WL 5098248, at *1 (D. Kan. Aug. 31, 2015) (citing *Turner v. Nat'l Council of State Bds. of Nursing, Inc.,* No. 11–2059–KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013); *Comeau v. Rupp,* 810 F. Supp. 1172, 1174–75 (D. Kan.1992)).

[8] *Id.* (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.,* 370 F. Supp. 2d 1130, 1132 (D. Kan.2005)).

[9] *Id.* (citing *Hancock v. Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988); *Shannon v. Pac. Rail Servs.,* 70 F. Supp. 2d 1243, 1251 (D. Kan.1999) (internal citation omitted)).

[10] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Plaintiff fails to present a change in law, new evidence, or clear error. Plaintiff does not present a change in underlying law in his Motion. Nor does Plaintiff provide the Court with new evidence to consider the relevance of the email productions. Plaintiff's underlying Motion to Compel argued KSU emails were relevant to claims for criminal larceny and civil conspiracy.[11] Claims that are not currently present in this suit. When asked for the relevance of the emails at the March 6, 2025 conference, Plaintiff reiterated the same argument for a civil conspiracy. Where Plaintiff could not state the relevance of John Holman's work emails to the claim for unfair competition, damage, or rent for the pasture in question, the Court declined to allow Plaintiff to fish for this evidence irrelevant to the present claims.[12] Plaintiff's failure to present his strongest case for relevance in his Motion to Compel and at the hearing do not entitle him to the Court's reconsideration of its' Order. Where Plaintiff again fails to produce any evidence of the relevance of John Holman's university emails to his present claims in his Motion, the emails remain irrelevant to the present claims for unfair competition, landlord tenant violations, and breach of an oral contract. Plaintiff will not revisit Defendant John Holman's employer, KSU, for production of any emails. Where the Court has not reviewed a change in law, any new evidence, or a clear error in the previous order, Plaintiff's Motion for Reconsideration (ECF No. 124) of Order (ECF No. 108) is denied.

---

[11] ECF No. 98-1 at 2.

[12] *See Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").

**IT IS SO ORDERED.** Plaintiff's Motion for Reconsideration **(ECF No. 124)** of Order (ECF No. 108) is **DENIED**.

**IT IS FURTHER ORDERED.** Due to the number of current pending Motions and ongoing discovery disputes, the Court hereby expands on Order (ECF No. 51) and prohibits the parties from filing any Motion without first obtaining permission from the Court. From the date of this Order, the parties must obtain written permission from the chambers of the undersigned Magistrate Judge before filing any Motion or other pleading including NOTICES, other than those reflecting service of disclosures, discovery requests and/or discovery responses as required under D. Kan. Rule 26.3(b). Parties will have an opportunity to address all discovery related concerns at monthly Discovery Conferences through the close of discovery. Parties are strongly discouraged from requesting to be heard on discovery issues outside of the monthly conference. The first conference will be scheduled for 5/21/2025 at 10 AM by Video Conference – Zoom before Magistrate Judge Gwynne E. Birzer. Parties are to submit Position Statements, limited to 5 pages, a week prior to each conference outlining any current discovery related concerns. The first Position Statements will be due 5/14/2025. If parties have reached a resolution of all present discovery disputes, they are to notify the Court prior to the scheduled conference.

**IT IS SO ORDERED.**

Dated April 18, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
