# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

James Linlor,

             Plaintiff,

     v.

John Holman, Marcella Warner Holman,
Black Diamond Angus Ranch Partnership,
Black Diamond Angus Ranch, LLC, and
Warner Angus Ranch Morgans

             Defendants.

Case No. 24-1001-DDC-GEB

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Order to Show Cause (ECF No. 125) and Defendants' Motion to Quash Depositions and Subpoenas (ECF No. 140). After reviewing Plaintiff's Motion (ECF No. 125); Defendants' Response (ECF No. 128); and Plaintiff's Reply (ECF No. 142) the Court **DENIES** Plaintiff's Motion **(ECF No. 125)**. After review of Defendants' Motion (ECF No. 140) and Plaintiff's Response (ECF No. 149), the Court **GRANTS in part and DENIES in part** Defendants' Motion (ECF No 140).

## I.    Background

The background of this case has been outlined in previous orders. Briefly again here, the claims remaining in this matter are: a) for unfair competition against Defendant John Holman for obstructing Plaintiff's land sale; b) a landlord/tenant claim against the Holman's and their businesses for violating K.S.A. 58-2555(f) by harming pipes on the

1

property; and c) breach of a verbal contract to pay consideration for Defendants' pasture rental and tenancy. Discovery for these claims opened in November 2024, and since that time parties have been working through written discovery, though slowly and with much dispute.

On March 6, 2025, the Court held a conference over Plaintiff's Motion to Compel (ECF No. 98). During that conference, the Court walked through Plaintiff's requests for production and interrogatories and asked Plaintiff for his relevance argument regarding each for the remaining claims while also addressing Defendants' objections. The Court sustained in part and denied in part Plaintiff's Motion (ECF No. 98) and ordered Defendants to supplement their responses with specific information relevant to the claims (ECF No. 108). Defendants supplemented their responses per the Order on March 13, 2025 (ECF No. 115).

Apparently objecting to the adequacy of those responses, Plaintiff requested a telephone conference with the Defendants and a conferral was conducted on March 18, 2025 (ECF No. 128 at 4). However, during the conferral, Defendants contended their responses were adequate and Plaintiff failed to identify for counsel which of the supplemented responses he felt was deficient, rather maintaining "it is not his job to tell counsel the deficiencies in their work" (ECF No. 128 at 5). Plaintiff merely asked Defendants' counsel if there was anything else "you want to tell me about the supplemental responses," cryptically, before filing this ten-page Motion for Order to Show Cause (ECF No. 128 at 5).

On March 28, 2025, after review of Plaintiff's Motion, Defendants further supplemented their discovery responses (ECF No. 126). The parties *again* brought written discovery disputes before the Court on April 3, 2025 regarding subpoenas Plaintiff issued and the alleged outstanding written discovery. During that conference, the Court *again* heard parties' ongoing written discovery disputes on the issues presented and Defendants, having demonstrated standing, were permitted to file a Motion to Quash the subpoenas Plaintiff issued (ECF No. 133). Both pending Motions are now ripe for determination.

## II.    Plaintiff's Motion for Order to Show Cause (ECF No. 125)

On March 18, 2025, Plaintiff filed this Motion for Order to Show Cause (ECF No. 125), alleging: 1) Defendants failed to supplement their discovery responses in accordance with the Court's Order, ECF No. 108; 2) Marcella Holman answered interrogatories on behalf of her husband; and 3) Defendants' counsel illegally notarized Defendants' responses. Plaintiff then cited to Fed. R. Civ. P. 37(b) sanctions and requested the Court impose a default judgment against the Defendants for failure to comply with the Court's previous Order (ECF No. 125 at 7). Defendants contend these deficiencies in the written discovery were not brought up to them at the conferral over this Motion, and deficiencies were addressed in their March 28, 2025 supplemental responses (ECF No. 128 at 5). Additionally, Defendants challenge the imposition of a default judgment as an unfit remedy where they complied in good faith with the Court's Order and throughout discovery in this matter (ECF No. 128 at 6).

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi) permits the Court where the action is pending to impose sanctions for failure to abide the Court's order including: (i) striking pleadings; (ii)

staying proceedings until the order is obeyed; (iii) rendering a default judgment; or (iv) finding a party in contempt. Here, Plaintiff only requests dispositive sanctions against Defendants. However, default judgment is a harsh sanction and should only be entered where Defendants have willfully and repeatedly failed to comply with discovery.[1] While Plaintiff may have raised many discovery disputes throughout this matter, dispositive sanctions require Defendants to have intentionally failed to comply with the discovery process. Default judgment must also be a just remedy under the circumstances and the Court considers multiple factors when default judgment is requested as a sanction.[2] Specifically, the Court considers: (1) the degree of actual prejudice to plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of defendant; (4) whether the Court had warned defendant in advance that default judgment would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.[3]

The Court does not find Rule 37(b) sanctions are appropriate. Defendants do not appear to have intentionally failed to comply with the Court's Order (ECF No. 108). And Plaintiff has experienced no prejudice from this written discovery dispute. The Court has taken the time to hold a hearing over every concern raised in written discovery in this matter to date. Plaintiff has had each request for production and interrogatory addressed

---

[1] *EBI Secs. Corp., v. Net Command Tech, Inc*., No. 01-1524, 2003 WL 22995502, at **3 (10th Cir. Dec. 22, 2003); *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-RDR, 2015 WL 13732184, at *3 (D. Kan. June 24, 2015), report and recommendation adopted, No. CV 13-4134-KHV, 2015 WL 8490915 (D. Kan. Dec. 10, 2015).

[2] *Net Command Tech, Inc*., 2003 WL 22995502, at **3.

[3] *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159-60 (10th Cir. 2013); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

specifically by the Court and the Court has ordered production of the relevant discovery. Defendants provided adequate responses (ECF No. 128; Exhibits C-D). Further, Plaintiff has not isolated which responses he believes are deficient for the Court and what additional information he seeks from them. The Motion and Reply lack the specificity required to determine any alleged interference with the Court's Order or any alleged prejudice to Plaintiff's remaining claims. Where, Defendants are complying with all discovery to date, no sanctions will be considered, especially not dispositive ones.

Importantly, this Motion does not raise issues relevant to the needs of the written discovery responses in this case. Rather, it is a Motion bordering on harassment citing concerns over which parties were involved in the preparation of written discovery responses and hurling criminal accusations at Defendants' counsel. Preparation of written discovery can be asked about at a deposition. But the Court has warned Plaintiff at almost every hearing it has held that name calling, and criminal accusations will not be tolerated going forward in this matter. Yet, Plaintiff continues to take it upon himself to attempt to enforce various criminal laws in the state of Kansas. Plaintiff has no private right of action under bare criminal statutes for expired notary stamps or any other criminal claims of conspiracy or trespass he attempts to assert.[4] Plaintiff, as a private citizen, and not a prosecutor or law enforcement officer, cannot compel the enforcement of *any* criminal

---

[4] *See Etheredge v. Kansas*, No. 23-2333-JAR, 2023 WL 5351163, at *2 (D. Kan. Aug. 21, 2023), report and recommendation adopted, No. 23-2333-JAR, 2023 WL 9196696 (D. Kan. Sept. 12, 2023); *Kegerreis v. U.S.*, No. 03-2232-KHV, 2003 WL 22327188, at *2 (D. Kan. Oct. 9, 2003).

laws.[5] The Court will summarily deny any further Motions discussing criminal sanctions or enforcement of Kansas criminal statutes as irrelevant to Plaintiff's remaining claims. Sanctions will be considered for failure to abide by this Order, but for now, this Motion is denied.

## III.    Defendants' Motion to Quash (ECF No. 140)

Defendants filed this Motion to Quash (ECF No. 140) after discussing the continuing written discovery concerns between the parties during the April 3, 2025 conference. Defendants seek to quash the deposition testimony of: a) Dr. Raj Khosla the Kansas State University Agronomy Chair; b) Chad Currier the Kansas State University Chief Information Security Officer; c) Carla Miller the Vice President and Loan Officer at High Plains Farm Credit; as well as d) the subpoenas duces tecum served on Defendants Johnathan Holman and Marcella Warner Hollman (ECF No. 141 at 1). Specifically, Plaintiff noticed Carla Miller for deposition on the following subpoena topics in relevant part:

> "investigations and results of follow-up by you and your credit union from reported money laundering and false claims act violations against the US Government, as reported to you around 2/14/24, plus proof of actions (credit union equivalents to SAR reports) on the basis of lis pendis [sic] against any assets secured by your credit union for the liabilities as listed in Feb 2024." (ECF No. 141-3; Exhibit C).

Defendants also seek to quash the duplicative subpoenas duces tecum for John Holman's work emails at KSU, that have already been determined irrelevant to the claims in this case

---

[5] *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986); *Houck v. Gurich*, 2013 WL 1800005, at *1 (10th Cir. April 30, 2013).

by the undersigned, and for the Black Diamond Ranch business account emails, which Plaintiff does not deny were previously produced in written discovery (ECF No. 141 at 6-8). Plaintiff contends the depositions are relevant for material witnesses per Defendants' Fed. R. Civ. P. 26 disclosures and that he withdrew the subpoenas duces tecum to Defendants after the Court's prior Order (ECF No. 149 at 1-3).

Movants, KSU, have filed a separate Motion to Quash the depositions of their staff and the Court will address that separate Motion in a separate Order. But the Court will address the subpoenas to Carla Miller, Johnathan Holman, and Marcella Warner Hollman in this Order. The deposition subpoena here is served on a non-party. Thus, her status as a non-party weighs against requiring disclosure.[6] The Court closely considers the relevancy of subpoena requests to non-parties.[7] Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

---

[6] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993) (the status of a person as a nonparty is a factor that weighs against disclosure)).
[7] *See generally Schumacher v. Hardwoods Specialty Prod. US, LP*, No. 18-4130-HLT, 2019 WL 4689459 (D. Kan. Sept. 26, 2019).

Relevance at the discovery stage is broad.[8] and does not mean the information obtained would necessarily be admitted at trial. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[9]

Plaintiff's subpoenas to Carla Miller and requesting documents from Defendants John Holman and Marcella Warner Holman are quashed in part and denied as moot. The Court finds no relevance to the proposed topics in the deposition subpoena served on Carla Miller regarding claims of money laundering and false claim act violations. These have no bearing on an oral contract for pasture rental, landlord tenant violations, or unfair competition with the sale of land. The subpoena again appears to attempt to bring criminal allegations into this civil lawsuit, which will not be addressed.[10] However, the undersigned is cognizant Defendants' Interrogatory responses list Carla Miller of High Plains Farm Credit as a material witness.[11] And where pro se pleadings are construed liberally,[12] Carla Miller can be deposed on the relevant testimony she provides. Defendants know the relevance of Carla Miller as a loan officer to the attempted purchase of the pasture in question by Defendant John Hollman.[13] Defendants cannot quash the entire deposition of

---

[8] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *3 (D. Kan. June 3, 2008).
[9] *Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).
[10] *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986); *Houck v. Gurich*, 2013 WL 1800005, at *1 (10th Cir. April 30, 2013).
[11] ECF No. 128-3 at 4.
[12] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[13] ECF No. 128-3 at 4.

a relevant witness to Plaintiff's unfair competition claims. The deposition of Carla Miller will be allowed to proceed. Lastly, where Plaintiff indicates his subpoenas duces tecum for emails from Defendants John Holman and Marcella Warner Holman are now withdrawn, the Court need not address this issue yet again, and that part of the Motion is denied as moot. Defendants' Motion to Quash is thus granted in part and denied in part for the deposition subpoena to Carla Miller and denied as moot as to the subpoenas duces tecum to Johnathan Holman and Marcella Warner Hollman.

**IT IS SO ORDERED.** Plaintiff's Motion for Order to Show Cause **(ECF No. 125)** is **DENIED**. The Court will summarily deny any further Motions discussing criminal sanctions or enforcement of Kansas criminal statutes as irrelevant to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED**. Defendants' Motion to Quash **(ECF No. 140)** is **GRANTED in part and DENIED in part**. The topics in the subpoena issued to Carla Miller of High Plains Farm Credit are quashed. However, the deposition of Carla Miller of High Plains Farm Credit may proceed *solely* as it regards the loan financing for Defendant John Hollman's attempted purchase of the pasture in question. Once discovery recommences, Plaintiff shall amend his deposition subpoena in accordance with the terms of this Order. Failure to limit the deposition topics in accordance with the terms of this Order will result in the consideration of sanctions. Lastly, where Plaintiff indicates his subpoenas duces tecum to Defendants John Holman and Marcella Warner Holman are now withdrawn, that part of the Motion to Quash is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated May 19, 2025, at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge