# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| James Linlor,<br><br>     Plaintiff,<br><br>     v.<br><br>John Holman, Marcella Warner Holman,<br>Black Diamond Angus Ranch Partnership,<br>Black Diamond Angus Ranch, LLC, and<br>Warner Angus Ranch Morgans<br><br>     Defendants. | Case No. 24-1001-DDC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Quash Subpoenas and Motion for Sanctions (ECF No. 144). After reviewing Movant's Motion (ECF No. 144), Plaintiff's Response (ECF No. 148), and the Movant's Reply (ECF No. 161), the Court **GRANTS in part and DENIES in part** Movant's Motion. The subpoenas are quashed and the Kansas State University (KSU) movants associated herein are not required to either respond or appear for deposition. However, Plaintiff is permitted to submit no more than five (5) Interrogatories to the Movants *solely* regarding: 1) the inquiry they received from Defendants to search the emails as represented by Defendants; 2) whether a search was conducted for KSU emails related to the claims in this case; and 3) the University's policy regarding release of emails. The Court also **DENIES** the Movant's request for sanctions. Plaintiff is permitted to verify Defendants' January 22, 2025 discovery responses involving the request for emails and a block by University regulations as outlined below.

1

**I.     Background**

As stated in prior Court orders, the claims remaining in this matter are: a) an unfair competition claim against Defendant John Holman for obstructing Plaintiff's land sale; b) a landlord/tenant claim against the Holman's and their businesses for violating K.S.A. 58-2555(f) by harming pipes on the property; and c) breach of a verbal contract to pay consideration for Defendants' pasture rental and tenancy. Discovery for these claims opened in November 2024, and since that time parties have been working through written discovery, though slowly and with much dispute.

Plaintiff has repeatedly sought the production of emails on the KSU server throughout discovery. In fact, on March 6, 2025, the Court held a conference with the parties to address Plaintiff's Motion to Compel the production of KSU emails (ECF No. 98). During that conference, the Court addressed one by one Plaintiff's requests for production and interrogatories, and inquired of Plaintiff how the discovery requests were relevant to the remaining claims in this case. The Court also addressed Defendants' objections to the written discovery requests. By way of resolution, the Court granted in part and denied in part Plaintiff's Motion (ECF No. 98). In granting a portion of Plaintiff's Motion, the Court ordered Defendants to supplement their responses with specific information relevant to the claims.[1] Specifically addressing Plaintiff's arguments for production of KSU emails, Plaintiff did not persuade the Court KSU emails are relevant to any of the claims or defenses in this case.[2] Thus, Defendants were not required to produce

---

[1] ECF No. 108 at 2.
[2] *Id.*

any KSU emails. Despite this finding, Plaintiff filed a Motion for Reconsideration of the Court's determination (ECF No. 124).

Additionally, the parties brought a discovery dispute before the Court on April 3, 2025 regarding the subpoenas issued to individuals at KSU and responses to pending written discovery. During that conference, Plaintiff argued Defendants' January 22, 2025 discovery responses stated: "Upon inquiry and request to Kansas State University, the meta-data and disk source email cannot be released to defendant John Holman due to [U]niversity regulations, although he is allowed access to emails remaining on his own email client" (ECF No. 148 at 12; ECF No. 125-3 at 6). Plaintiff further argued Defendants, when asked, did not provided any additional information on the inquiry to KSU, did not provide any information regarding whether there was a search conducted for emails, and did not provide any information on compliance with University policy, and thus requested additional information to confirm Defendants' assertion. This is a fine line. And the Court reasoned, where Defendants opened the door to their *inquiry* to KSU, the Court allowed Plaintiff a limited line of discovery into whether an inquiry was made to KSU, as represented by the Defendants in their interrogatory responses, and whether there was in fact a search conducted for any KSU emails, as also represented by the Defendants. The inquiry was expressly limited to the request and search alone. Defendants, having established standing to seek relief, were permitted to file a Motion to Quash the subpoenas issued (ECF No. 133).

Despite full understanding of the consistent rulings by the Court as to the lack of relevance of KSU emails to the claims and defenses in this case, Plaintiff issued two

3

subpoenas to KSU on March 9, 2025 for:

> "Proof from immutable sources of all discussions and the contents of said with john or marcella warner holman or their associates, plus investigations and results of follow-up of all uses of the jholman@ksu.edu email, its compliance with KSU IT policies, and proof of due diligence and results of any production related to this lawsuit, plus proof of preservation of records related to this case." (ECF Nos. 144-1 & 144-2).

The subpoenas were issued to Dr. Raj Khosla, the chair of the University's Agronomy department, and Mr. Chad Currier, the University's Chief Information Security Officer. The Movant then filed the instant Motion joining Defendants' Motion to Quash and contending these KSU subpoenas subvert the Court's prior order and are facially deficient.[3] In addition to the Movant's request to quash the two subpoenas, they also pray for sanctions to reimburse the University for the fees incurred in preparing and filing their motion (ECF No. 144). Movant's Motion is now ripe for determination.

## II.  Movant's Motion to Quash (ECF No. 144)

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Fed. R. Civ. P. 45(d)(3)(A)(iv) states a court "must quash or modify a subpoena that ... subjects a person to undue burden." "Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"[4]

---

[3] ECF No. 144 at 5-6.
[4] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (internal citations omitted); *Tekle v. Al Saud*, No. 18-211-RDA, 2019 WL 4415095, at *2 (D. Kan. Sept. 16, 2019).

4

The subpoenas here are served on non-parties. Their status as non-parties weighs against requiring disclosure.[5] Thus, the Court must closely consider the relevancy of subpoena requests to non-parties.[6] Rule 26(b)(1) outlines the scope of discovery. This rule permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The Court is fully aware relevance at the discovery stage is broad,[7] and does not mean the information obtained would necessarily be admitted at trial. When the discovery sought appears relevant on its' face, the party resisting the discovery has the burden to establish the lack of relevance. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[8]

---

[5] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993) (the status of a person as a nonparty is a factor that weighs against disclosure)).

[6] *See generally Schumacher v. Hardwoods Specialty Prod. US, LP*, No. 18-4130-HLT, 2019 WL 4689459 (D. Kan. Sept. 26, 2019).

[7] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).

[8] *Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 586 (D. Kan. 2003).

Because KSU's status as a non-party weighs against requiring disclosure, and any emails requested here have repeatedly been determined irrelevant to parties' claims and defenses, the Court must quash these non-party subpoenas. The Court has repeatedly considered the relevance of any KSU emails to the claims in this case over the course of the past several months, during hearings and through the parties' motion practice. The undersigned has been clear. KSU emails are not relevant to Plaintiff's remaining claims for unfair competition, landlord tenant violations, and the breach of an oral contract,[9] and are certainly not relevant to Defendants' defenses in this case. Plaintiff seems to often lose site of the three claims he has remaining and, in multiple Motions, seeks to add a claims for civil conspiracy based on evidence he asserts exists in KSU emails (ECF Nos. 98, 125, & 145). The Court has yet to allow Plaintiff to fish down this path.[10] Particularly, where there is neither a civil conspiracy claim, nor anything akin to it in this case. On that basis, the Court declines to compel KSU employees to appear for deposition, be deposed, and indulge Plaintiff is his quest to fish for information that is not relevant, and quite frankly, may not exist.[11] As such, the subpoenas are quashed to the extent they request the production of any emails on the KSU server and the named witnesses to appear and testify for deposition. Plaintiff will not be permitted to conduct depositions of Dr. Raj Khosla or Mr. Chad Currier.

---

[9] ECF No. 108 at 2.
[10] *See Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").
[11] Fed. R. Civ. P. 45(c)(1)(A).

However, where pro se pleadings are construed liberally,[12] the undersigned can see a fine line for inquiry related to Plaintiff's discovery requests and Defendants' responses. Defendants explicitly provided verified discovery responses that: 1) they inquired with KSU; 2) KSU cannot provide emails; and 3) KSU cannot provide emails due to University regulations.[13] Plaintiff is allowed to verify this is a fact. The Court was also clear to Defendants it is permissible for Plaintiff to discover whether: 1) Defendants actually made the request for any emails; 2) that a search was actually conducted for emails; and 3) the University's policy regarding the release of emails on KSU's server, as represented by Defendants. These questions can be propounded in a few interrogatories. Thus, Plaintiff is permitted to issue no more than five (5) Interrogatories to the Movants regarding: 1) the inquiry they received from Defendants; 2) whether a search was conducted for any KSU emails; and 3) the University's policy regarding release of emails. The conduct of an inquiry and whether an email search was done at all, is not an unreasonable line of inquiry for Plaintiff, as he is permitted to explore the veracity of Defendants' discovery responses, to a certain extent. Therefore, even though Plaintiff disregarded the Court's prior relevance rulings, the Court cannot impose sanctions on Plaintiff for seeking to verify information Defendants provide. The verification of Defendants' representations by way of answering a few interrogatories is not burdensome. But Plaintiff shall be reminded, the inquiry ends

---

[12] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).
[13] ECF No. 148 at 12.

here. No sanctions will be imposed against Plaintiff for the preparation of this Motion to Quash or the time spent responding to any Interrogatories issued.

**IT IS SO ORDERED.** Movant's Motion **(ECF No. 144)** is **GRANTED in part and DENIED in part**. Dr. Raj Khosla and Mr. Chad Currier *are not* required to respond to the subpoenas issued or appear for depositions in this matter. But the Movants *shall*, with appropriate diligence, respond to the limited discovery requests under the terms of this Order.

**IT IS FURTHER ORDERED.** Once discovery recommences, Plaintiff is permitted to issue no more than five (5) Interrogatories to the Movants *limited to*: 1) the inquiry they received from Defendants; 2) the search conducted for any KSU emails; and 3) the University's policy regarding release of emails. Movants shall fully respond to Interrogatories propounded in accordance with this Order, and within the spirit of this Order, within 30 days of receipt of Plaintiff's proposed Interrogatories. Purposeful evasion of propounded Interrogatories, and any objections inconsistent with Fed. R. Civ. P. 26 or Fed. R. Civ. P. 37, could lead the Court to address the parties and the Movant regarding appropriate remedies, including sanctions.

**IT IS SO ORDERED.**

Dated May 20, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge